# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

CATHERINE GONZALEZ,

                      Plaintiff,

-against-

THE NEW YORK CITY TRANSIT AUTHORITY, THE METROLITAN TRANSPOTATION AUTHORITY, THE MANHATTAN AND BRONX SURFACE TRANSPORTATION OPERATING AUTHORITY, and MERVIN G. REOVAN, in his individual capacity and in his official capacity as an agent of New York City Transit Authority and The Manhattan And Bronx Surface Transportation Operating Authority,

                      Defendants.

-------------------------------------------------------------X

Index No:

**SUMMONS WITH NOTICE**

TO THE ABOVE-NAMED DEFENDANTS:

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on the plaintiff(s) at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: New York, New York
      March 25, 2022

                                                **John T. Hague/s/**
                                                JOHN T. HAGUE, ESQ.
                                                HOFFMAN ROTH & MATLIN, LLP
                                                Attorney for the Plaintiff
                                                505 8th Avenue, Suite 1101
                                                New York, NY 10018

TO DEFENDANT(S)

NEW YORK CITY TRANSIT AUTHORITY

130 Livingston Street, 11th Floor

Brooklyn, NY 11201

METROPLITAN TRANSPORTATION AUTHORITY

2 Broadway

New York, NY 10004

MABSTOA

130 Livingston Street, 11th Floor,

Brooklyn, NY 11201

## NOTICE:

The nature of this action is set forth more fully in the notice of claim previously served in this matter, a copy of which is attached hereto and incorporated herein.

Upon information and belief, the alleged sexual harassment and/or harassment based on the Plaintiff's Hispanic heritage was initiated by AGS Reovan and after the Plaintiff complained of same Mr. Reovan started a campaign of retaliation. This campaign has been carried on by others within the MTA/MABSTOA, continuing to the present.

These actions are in violation of THE NEW YORK STATE HUMAN RIGHTS LAW and THE NEW YORK CITY HUMAN RIGHTS LAW both for the initial harassment as well as for the subsequent retaliation. The Defendants also violated the terms of the collective bargaining agreement and EEO policy.

## RELIEF SOUGHT

The relief sought is a monetary amount exceeding the jurisdiction of all lower courts as well as an expungement of all retaliatory claims from the Plaintiff's work file.

Should defendant(s) fail to appear herein, judgment will be entered by default for the amount of $5,000,000.00, with interest and the costs of this action.

## VENUE:

Plaintiff(s) designate New York County as the place of trial. The basis of this designation is the location is the majority of the harassment and retaliation occurred in New York County.

Dated: New York, New York
March 25, 2022

John T. Hague/is/

John T. Hague, Esq.

HOFFMAN ROTH & MATLIN, LLP

Attorney for the Plaintiff

505 8th Avenue, Suite 1101

New York, NY 10018

(212) 964-1890

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK)
COUNTY OF NEW YORK)

JOHN T. HAGUE, ESQ. an attorney, admitted to practice in the Courts of the State of New York. The undersigned affirms that the following statements are true under the penalties of perjury.

That deponent is associated with the attorney for the plaintiff in the within action; that deponent has read the foregoing Summons with Notice and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. Deponent further says that the reason this verification is made by deponent and not by plaintiff is that plaintiff resides outside of the County where your deponent holds his office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are through a review of the file maintained by our office in this matter.

DATE: NEW YORK, NEW YORK
    March 25. 2022

**John T. Hague** /s/
JOHN T. HAGUE, ESQ.

---

In the Matter of the Claim of

Catherine Gonzalez,

NOTICE OF CLAIM

---

To:

- NEW YORK CITY TRANSIT AUTHORITY- 130 Livingston Street, 11th Floor, Brooklyn, NY 11201
- METROPLITAN TRANSPORTATION AUTHORITY, 2 Broadway, New York, NY 10004
- MABSTOA 130 LIVINGSTON STREET 130 Livingston Street, 11th Floor, Brooklyn, NY 11201

PLEASE TAKE NOTICE that the undersigned claimant hereby makes claim and demands against you as follows:

1. Claimant's name and address:
   Catherine Gonzalez
   4111 sycamore lane
   East Stroudsburg, PA 18301

   Claimant's attorneys name and address:
   Hoffman Roth & Matlin, LLP
   505 8th Avenue, Suite 1704
   New York, NY 10018

2. The nature of the claim is to recover monetary damages as well as equitable relief for extended harassment by Mervin G Reovan, the claimant's supervisor at the NEW YORK CITY TRANSIT AUTHORITY, MABSTOA and/or METROPLITAN TRANSPORTATION AUTHORITY, based on the race, sex, and sexual orientation of Catherine Gonzalez, as well as for unlawful retaliation after complaints were made.

3. Mr. Reovan was Ms. Gonzalez' coworker at the West Farm Depot in the Bronx. He then became her supervisor outside and when Ms. Gonzalez transferred to the Manhattan Depot, Mr. Reovan also transferred to same where he continued to be Ms. Gonzalez's

supervisor. Mr. Reovan abused his power as supervisor making false accusations and generating unwarranted write ups of Ms. Gonzalez.

4. Ms. Gonzalez has, since being promoted to dispatcher in 2018, had to file numerous complaints regarding Mr. Reovan and his treatment of her. She has faced retaliation after retaliation as a result. Aside from the retaliation, none of the complaints filed by Ms. Gonzalez had any effect.

5. It is alleged that NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA affirmatively created the conditions in which Mr. Reovan was able to operate without the proper restraints on his actions both in initially targeting Ms. Gonzalez based on her sex, sexual orientation, and/or race, and in his subsequent retaliation when Ms. Gonzalez complained of same. That the actions of Mr. Reovan and the NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA ran afoul of the New York State Human Rights Law. That the actions of Mr. Reovan and the NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA ran afoul of the New York City Human Rights Law. That the actions of Mr. Reovan and the NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA retaliated against the complainant in further violation of the New York City Human Rights Law and New York State Human Rights Law. That the NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA failed to enforce their internal rules and protocols in not acting upon any of Ms. Gonzalez's complaints, instead Ms. Gonzalez was retaliated against for making same.

6. Due to the foregoing hostile work environment, where Ms. Gonzalez was so uncomfortable to even use the restroom that she felt compelled to not avail herself of the same for fear of further ridicule, harassment, and retaliation resulting in Ms. Gonzalez developing kidney stones. The hostile work environment and retaliation resulted in Ms. Gonzalez being

suspended without pay for 15 days, an extraordinary discipline which should not have been issued. It caused her to work unpaid overtime. It caused her to live in a constant stressed mental state in which she constantly feared she would lose her job because of Mr. Reovan, and the other more senior management within NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA who protected him.

7. The undersigned claimant therefore presents this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim. Claimant additionally seeks to have her record clears of all frivolous claims, administrative actions, and any other derogatory comments made by or on behalf of Mr. Reovan.

8. Damages are claimed on behalf of claimant Catherine Gonzalez for personal injuries in the sum of $2,000,000.00.

Dated: March 24, 2021
Hoffman Roth & Matlin, LLP
Attorneys for the Claimant
505 8th Avenue, Suite 1704
New York, NY 10018

In the Matter of the Claim of

-------------------

Catherine Gonzalez,

VERIFICATION

State of New York  )
                           )
County of New York )

Catherine Gonzalez, being duly sworn deposes and states as follows:

      I am the above-named claimant and I have read the foregoing Notice of Claim and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

_____
Catherine Gonzalez

Sworn to before me this
24 day of March, 2021

_____
Notary Public

JOHN T. HAGUE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6278243
Qualified In Kings County
My Commission Expires March 25, 2021