# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------------------X <br><br> CATHERINE GONZALEZ, <br><br>               PLAINTIFF, <br><br>      -AGAINST- <br><br> THE NEW YORK CITY TRANSIT AUTHORITY, THE METROLITAN TRANSPOTATION AUTHORITY, THE MANHATTAN AND BRONX SURFACE TRANSPORTATION OPERATING AUTHORITY, and MERVIN G. REOVAN, in his individual capacity and in his official capacity as an agent of New York City Transit Authority and The Manhattan And Bronx Surface Transportation Operating Authority, <br><br>            DEFENDANTS. <br> ------------------------------------------------------------------X | Index No.: <br> **152593/2022** <br><br><br> **COMPLAINT** |

**PLEASE TAKE NOTICE**, Plaintiff, **CATHERINE GONZALEZ**, by and through her attorneys, **HOFFMAN ROTH & MATLIN, LLP**, does hereby complain of the Defendants as follows:

### PARTIES

1.      Plaintiff, Catherine Gonzalez, is an individual residing in East Stroudsburg, Pennsylvania, is employed by Defendant Manhattan and Bronx Surface Operating Authority, ("MABSTOA") and has been employed by Defendant agencies as a dispatcher since 2018. At all times during her employment, her performance has been satisfactory as that term is defined by New York State Division of Human Rights ("DHR") and the New York City Commission on Human Rights ("CCHR") standards. Her performance was well rated prior to the complaints alleged herein.

Case 1:22-cv-05414-RA   Document 1-3   Filed 06/27/22   Page 3 of 41

2.      Up and until the actions complained of herein, Plaintiff had not been subjected to discipline during her several years of employment. Defendants maintain a written progressive discipline policy for all employees, processing of EEO complaints and reasonable accommodation requests. All three policies have been violated herein and give rise to various causes of action.

3.      Defendant Metropolitan Transpiration Authority ("MTA") is a public benefit corporation duly formed pursuant to the laws of the State of New York on June 1, 1965. MTA is the corporate entity responsible for the day-to-day operations of Defendant New York City Transit ("NYCTA") and Defendant Manhattan and Bronx Surface Operating Authority, ("MABSTOA"). Defendant MTA maintains its principal place of business at 347 Madison Avenue, New York, New York 10017.

4.      Defendant NYCTA is a public benefit corporation duly organized pursuant to the laws of the State of New York and maintains its principal place of business at 120 Livingston Street, Brooklyn, NY 11201.

5.      Defendant Manhattan and Bronx Surface Operating Authority, ("MABSTOA") is a public benefit corporation duly organized pursuant to the laws of the State of New York and maintains its principal place of business at 120 Livingston Street, Brooklyn, NY 11201.

6.      Defendant Mervin Reovan is named both in his official capacity and his personal capacity. Defendant Reovan is an agent of Defendant NYCTA and MABSTOA and currently maintains the title of Assistant General Superintendent at Defendant MABSTOA's Micheal J. Quill Depot.

## STATUTES RELEVANT TO COMPLAINT

7.      New York State Executive Law, Article 15 ("Human Rights Law"), §290, et
seq., more specifically, statutory provisions prohibiting discrimination based
upon race, sex, sexual orientation, and prohibiting retaliation.

8.      The New York City Human Rights Law, Administrative Code and Charter, §8-
101, et seq., more specifically, statutory provisions prohibiting discrimination
based upon race, sex, sexual orientation, and prohibiting retaliation.

9.      42 U.S.C. § 2000, more specifically, statutory provisions prohibiting
discrimination based upon race, sex, sexual orientation, and prohibiting
retaliation.

## VENUE

10.     Venue is appropriate as the unlawful conduct complained of herein occurred
and continues to occur in New York County, the county in which the
Defendant agencies maintain their headquarters for purposes of doing
business.

11.     Plaintiff will serve a copy of this complaint on the New York City Commission
on Human Rights as required under the Administrative Code and Charter of
the City of New York.

12.     Common law causes of action are brought as of right and have been filed with
the applicable statue of limitations for each respective common law cause of
action.

13.     A NOTICE OF CLAIM was served on the Defendants and a Statutory 50-H
hearing was held (copy attached as **Exhibit "A"**. The matter has not been

settled and so this action is being filed. A Subsequent Notice of claim and 50-H was held (copy attached as **Exhibit "B"**) A summons with notice was filed and complaint demanded. Per a stipulation, the time to serve the complaint was extended to June 8, 2022. (copies of the summons with notice and stipulation are attached as **Exhibit "C"**.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

14.    The Plaintiff was initially hired as a bus driver employed by the Defendants and had an exemplary record. She took the appropriate exams and attained scores sufficient to be promoted to dispatcher.

15.    When she started as a dispatcher, the Plaintiff began to have run-ins with defendant Reovan. At first, this was as a co-worker (they worked in the same facility, West Farm Depot, however, Reovan worked inside and the Plaintiff outside).

16.    The initial issue was that the key for the women's restroom was immediately by Defendant Reovan's desk. Every time the Plaintiff, a Hispanic lesbian, needed to access the key to use the restroom, there was a snide comment by Reovan, an African American man. His actions made the Plaintiff so uncomfortable that she started to hold her urine in rather than put up with more comments by Defendant Reovan. As a result of this, the Plaintiff, Ms. Gonzalez developed kidney stones.

17.    While he did not use disparaging words like "Dike" the Plaintiff, who in fact self identifies as a Dike, knew she was singled out for his abuse because of the differences between herself and Defendant Reovan. The Plaintiff was one

of the few Hispanic dispatchers and the only lesbian. Most of the staff were older, male, and African American.

18.    The Plaintiff sought a transfer so she would not have to deal with Mr. Reovan so she moved to a depot in Manhattan only to have Reovan move at the same time and become her supervisor.

19.    At no time prior to her promotion to dispatcher had Plaintiff's performance been subject to criticism or disciplinary review. In fact, during Plaintiff's numerous years of employment with the Defendants, she has never been subject to discipline of any type, pursuant to the Defendant Agencies progressive managerial disciplinary policy, or, collective bargaining agreement, until she was promoted to dispatcher.

20.    Perversely, once she became a dispatcher, her inexperience was used as a basis to discriminate against her. She was not provided adequate training or given adequate instructions, yet was expected to perform perfectly. It is not the Defendant's stated policy to punish new dispatchers while they are learning on the job, but that is what the Defendants did.

21.    The Plaintiff started to get random infractions on her record and though she could see that it was not fair, she was not well versed in the requirements or procedures, so she accepted the wrongly given infractions especially as she was informed the alternative was being fired.

22.    Since 2018, and especially since she started working under Defendant Reovan, the Plaintiff has been disproportionately singled out by Reovan as well as a group of his cohorts.

23.    In her first three months as a probationary dispatcher the Plaintiff was given an improper infraction allegedly based on violations of a respectful work place policy for calling out to a coworker across the bus depot on or about April 20, 2018, on May 4, 2018, a bus operator claimed the Plaintiff embarrassed her, on May 14, 2018, the Plaintiff had a complaint of poor work performance, on June 18, 2018, there was another complaint based on untimely completion of work, on June 25, 2018, there was a complaint of an incorrect form being used, and on June 27, 2018, there was a complaint based on a poorly prepared violation. July 23, 2018, at her three-month probationary review only the aforementioned issues were noted.

24.    In her second three months as a probationary dispatcher, there were no issues with her performance.

25.    Plaintiff received an infraction for violations of a respectful workplace policy, this time for swearing, not calling a person a swear word, just for using one. On September 17, 2018, she was given a poor work performance for failing to assign busses during AM rush hour when a number of operators arrived from another yard, on September 20, 2018, she was given a poor work performance for assigning a non SBS on a SBS line when it was practice to do so when there were no longer any SBS busses available. On October 4, 2018, the Plaintiff received poor work performance for failing to approve bus operator assignments complicating payroll sending process, which makes no sense, as it was for the next shift to complete. On October 5, 2018, the Plaintiff received a poor work performance for failing to pay deviation slip

correct, used wrong pay codes. On October 7, 2018, she received a poor

work performance for failing to record correct code on a sick report form. This

is while she was on probation as a new dispatcher.

26.    On January 1, 2019, Reovan became the Plaintiff's direct supervisor when

she changed depos to try and get away from Reovan. On January 4, 2019,

suddenly some prior instances were noted to be poor work performances: On

December 8, 2018, she received a poor work performance for writing the

wrong date. On December 13, 2018, she received a poor work performance

for not entering data in UTS yard. She was then placed on extended

probation by AGS Lynch adding another six months to her probation period

(her year review was actually conducted a month early as soon as Reovan

had the authority to formally and officially make the Plaintiff's life difficult). The

basis of this extension was a series extremely minor on the job learning

experiences that did not reasonably warrant an extension. AGS Lynch was

also new to the job and followed the guidance of GS Caminero, one of

Reovan's cohort.

27.    The Plaintiff filed an EEO complaint with Transit/MABSTOA. At a hearing

within MABSTOA, the Plaintiff was told that because she filed an EEO

complaint, they would not withdraw the extension as it would appear that it

would be in response to her EEO complaint. The Plaintiff was told by

coworkers that to avoid trouble, she should withdraw the EEO complaint. The

EEO within MABSTOA had the Plaintiff rewrite the letter withdrawing the EEO

complaint multiple times as she mentioned retaliation in her withdrawal.

28.     On April 9, 2019, Defendant Reovan, upon information and belief, issued a poor work performance allegation utilizing Superintendent Rasmussen's name with false allegations that Superintendent Rasmussen never made. If Superintendent Rasmussen had not intervened on the Plaintiff's behalf, the Plaintiff would have been demoted or fired.

29.     On September 23, 2019, the Plaintiff received a violation for conduct unbecoming, however, the action date was on March 3, 2020, after an impermissible delay and immediately after she finished a double shift in violations of all the Defendants' rules that hearings are supposed to be on days off. The Plaintiff received a five-day suspension. On January 25, 2020 there was another conduct unbecoming which had an action date of March 18, 2020 which resulted in a ten-day suspension. There is no information in the Plaintiff's possession for this infraction.

30.     Upon information and belief, many of the aforementioned violations or poor work performances were instituted or caused to be instituted by Defendant Reovan and supported by his cohort.

31.     Upon information and belief, Defendant Reovan discriminated against Plaintiff based upon her gender/sexual orientation.

32.     Reovan is, upon information and belief, a straight, cis gendered, African American male who has targeted the Plaintiff based on her innate sexual orientation and gender identity. He has not singled out any African American women for his vitriol and contempt. His vitriol is reserved for only the Plaintiff.

33. To show the double standard, Caminero wrote the Plaintiff up for calling out to a coworker across the yard, claiming it was disrespect in the workplace, yet Reovan, Caminero and others looked the other way when the Plaintiff was threatened with bodily harm by an African American female friendly with Reovan and his cohort.

34. The Plaintiff has felt singled out by the actions of Reovan which, based on his intimidation whenever the Plaintiff had to get a key for the women's room, his continued singling out of the Plaintiff could only be on the basis of her sexual orientation. This started in 2018 and set the foundation for his continued harassment and retaliation. The Plaintiff, a dispatcher, should have been provided with her own key. In other depots, women are given keys to the restroom and do not need to essentially present themselves to Reovan every time they need to use the bathroom.

35. Defendant Reovan has caused the Plaintiff to be reprimanded and to have a record at the MTA/MABSTOA which now, as a result, includes a 15-day suspension. This suspension occurred after a hearing held the moment the Plaintiff got off a double shift in violation of the rules in place that required same to be held on a day off, while at the same time, the Plaintiff was not permitted a defense or opportunity to rebut and/or explain her side of things. The Plaintiff's union rep at the hearing was friends with Reovan and ignored her correspondence. The Plaintiff was not given any prior hearings, they went straight to a 15 day suspension.

Case 1:22-cv-05414-RA   Document 1-3   Filed 06/27/22   Page 11 of 41

36. Examples of the Plaintiff being subjected to discriminatory treatment in the terms and conditions of her employment by NYCTA and MABSTOA include, but are not limited to, the following: AGS Lynch harassed the plaintiff in 2018 for not leaving a note when she used the restroom.

37. GS Lynch, GS Rameran, GS Caminero, Acting GS Reovan, GSS Bolano, Rogers (in high management), and Superintendent Hosein all came up in the authority together, many at the 126th Street Depot, they together form a cabal protecting one another.

38. Plaintiff originally filed a EEO complaint on November 27, 2018. The November 27, 2018 complaint is attached here to as Exhibit "D". This complaint was withdrawn in December 2018, after the Plaintiff was pressured to withdraw same.

39. Plaintiff then filed a second handwritten complaint to the EEOC this was then superseded by a complaint drafted with present counsel.

40. The Plaintiff has been retaliated against for the first EEO complaint she made.

41. The Plaintiff filed an internal EEO complaint with the MTA/MABSTOA, and was advised to withdraw same. Even though the complaint was withdrawn, the plaintiff was retaliated against by others in the MTA/MABSTOA, including the Plaintiff's newest superintendent Hosein, who even was explicit that the Plaintiff better not make any complaints because he said "I've got the EEOC on speed dial" and that he was "worse than Reovan". This is a clear reference to the fact that the Plaintiff has made prior complaints to the EEO regarding Reovan's behavior.

42.     Other instances of retaliation included: numerous poor work performances claimed by Reovan, his failure to punish or even investigate claims made by the Plaintiff. Reovan then orchestrated a complaint by pressuring bus operators to make complaints against the Plaintiff so that he could then write her up and punish her. The attitude and actions of Reovan included getting in the Plaintiff's face and yelling at her during Covid without a mask, hitting the Plaintiff with spittle.

43.     Reovan was instrumental in getting the Plaintiff to serve the initial 15-day suspension GS Knight did not institute the 15-day suspension, but when he left the depot and Lynch became the GS, the 15-day suspension became effective. Reovan utilized the woman, Nicole Ellerbe, who threatened to punch the Plaintiff to generate a complaint against the Plaintiff.

44.     Another time, the Plaintiff was going to take a worker out of service, she was going to put the driver out, but the woman who previously threatened her said she had work for the driver, so the Plaintiff did not put the driver out, she was then given a poor work performance for having the driver sit around for four hours and the driver was paid for same under authorization from Reovan. This appears to have been orchestrated to result in a poor work performance.

45.     Reovan also retaliated against the Plaintiff when she sent a bus driver out of service for being disrespectful. Reovan then had the Plaintiff sent out of service and forced to attend a mandatory drug test. He did this from his home on his day off. The only possible reason for him to get involved in something he did not observe is retaliation.

Case 1:22-cv-05414-RA   Document 1-3   Filed 06/27/22   Page 13 of 41

46. Then, when out of service and not present at work, because she was taken out of service, Reovan tried to claim the Plaintiff was absent without leave. This particular event was too obvious and was not enforced, but Reovan still tried to do it.

47. The Plaintiff was also forced to work doubles, and even tried to force her to work a triple.

48. Reovan pressured bus drivers to file G2s against the Plaintiff.

49. Most recently, when the Plaintiff transferred to another portion of the depot, working outside, Superintendent Hosein at that department immediately singled the Ms. Gonzalez out. On her first day, Ms. Gonzalez filled out an incident report at Supt. Miller's direction and with his assistance. Superintendent Hosein asked to see it. He then made fun of the Plaintiff in front of numerous individuals. These were her coworkers who all appeared uncomfortable. While Mr. Hosein was not explicit in the basis for his harassment, he did tell Ms. Gonzalez that he was "worse than Reovan" and she better not try anything because "he had the EEOC on speed dial".

50. Obviously he was aware of the history between Ms. Gonzalez and Reovan other wise he would not have brought same up. Ms. Gonzalez was simultaneously belittled by Mr. Hosein and forced to revisit the prior traumas inflicted by AGS Reovan. Ms. Gonzalez complained of this interaction, mentioning that Mr. Hosein claimed to have the EEOC on speed dial while raising Reovan, and the MTA/MABSTOA EEO responded: "You do not allege that the conduct at issue is based on ethnicity or sexual orientation".

Immediately after making this complaint, Ms. Gonzalez was again cited for poor work performance and Mr. Hosein, through Supt. Miller sought her dismissal.

51. Because the Defendants have a progressive discipline policy and because the Plaintiff was previously given 15 days, she was forced to take a 20 day suspension or loose her position. This poor work performance notification was received after making the complaint, to the internal EEO, a clear retaliation.

52. Plaintiff's treating physician certified Plaintiff suffered medical complications as a result of urine retention.

53. As a direct and proximate result of the unlawful conduct complained of in the attached complaints, Plaintiff has suffered physical injuries in the form of a medical condition related to urine retention, economic damage, damage to her career and reputation and mental anguish.

54. Plaintiff sought medical treatment for the injuries sustained.

55. Upon information and belief, the collective Defendants herein ignored the unreasonable and discriminatory actions of Reovan, in fact, to the contrary, Reovan was repeatedly promoted as he had support from his cohort.

56. Upon information and belief, no investigation was undertaken in response to the numerous complaints made by the Plaintiff, rather same were continuously ignored while Reovan continued to inflict emotional and physical harm on the Plaintiff because of her sexual orientation.

57. Due to the delay of the Defendants in investing the Plaintiffs EEO charges and promotion of Reovan despite her charges, Reovan was not only

emboldened, but his cohort of friends and colleagues including GS Lynch, GS Rameran, GS Caminero, Rogers (in high management), and Superintendent Hosein also began to torment the Plaintiff or looked the other way.

58.   Upon information and belief, the contents of the numerous Notices of Disciplinary Charges were untrue, unfair and motivated by malice and the intent of Defendant Reovan to retaliate against Plaintiff. To the extent that some were factually correct, they were none the less improper as the Plaintiff was still in training for most of them, and claimed infractions would never be claimed against another worker in the same circumstances absent the biases and desire for retaliation held by Mr. Reovan and those who support him within the MTA/MABSTOA.

59.   Even the latest basis for the 20 day suspension was formed when the Plaintiff changed to a new position and was receiving training on that position.

60.   Plaintiff respectfully submits this cohort within the MTA/MABSTOA are motivated by discriminatory animus, and the Plaintiff's poor work performances were based on fantasy born of animus rather than in fact and/or reality.

61.   Transit/MABSTOA, though required by the Notice of Disciplinary Charges, did not provide Plaintiff with a copy of the allegations for her first 15 day suspension.

62.   Transit/MABSTOA required by the Notice of Disciplinary Charges, Plaintiff requested a "Step 1" hearing, which commenced the appeal process. See Exhibit E.

63. Defendants, along with her Union rep, pressed the Plaintiff to take a 20-day suspension.

64. Upon information and belief, the Step 1 process failed to comply with agency policy, was biased, unfair and retaliatory in nature.

65. Upon information and belief, the Step 1 process failed to include any meaningful investigation of the allegations contained in the Notice of Charges.

66. Upon information and belief, the Step 1 process omitted any witnesses or evidence other than the charges.

67. Upon information and belief, the Step 1 process did not even permit the Plaintiff to submit any evidence or witnesses.

68. The Plaintiff had internal complaints rejected and she was forced to rewrite same to omit certain claims or the form would not be accepted. The Plaintiff was told than a supervisor who berated the Plaintiff in front of coworkers and employees she supervised that he is "not going to take any crap" and that has "the EEOC on speed dial" while referencing Reovan was not discriminatory nor retaliatory. If that was true, why would he claim to have "the EEOC on speed dial"? He obviously knew about either the internal EEO or the Federal EEOC complaints the Plaintiff made against Reovan and sought to use same to assert dominance over the Plaintiff by emphasizing her victimhood.

69. Defendants conducted a Step 2 hearing, as part of their progressive discipline policy, which was unfair, biased and designed to add credibility to the pretextual reasons supporting the ultimate goal of Reovan and his cohort, dismissal from employment at the MTA/MABSTOA

70. By and through the acts of the collective Defendants' complained of herein, the Plaintiff has and will continue to suffer from physical and mental manifestations resulting from the unlawful conduct, including but not limited to mental anguish, emotional distress and depression.

## AS AND FOR A FIRST CAUSE OF ACTION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW AS TO ALL DEFENDANTS

71. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully restated herein.

72. Defendants, individually and collectively, have engaged in unlawful and discriminatory conduct based upon the Plaintiff's sex as complained of herein in violation of the New York State Executive Law, Article 15, §290, et seq.

73. Plaintiff has been and continues to suffer damage as a result of the Defendants unlawful conduct including but not limited to damages both actual and compensatory, attorney fees and costs of this action.

74. Plaintiff will continue to be damaged absent the relief sought in this Verified Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW AS TO ALL DEFENDANTS

75. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully restated herein.

76. Defendants, individually and collectively, have engaged in unlawful and discriminatory conduct based upon Plaintiff's gender and disability as complained of herein in violation of the New York City Administrative Code and Charter, §8-101, et seq.

Case 1:22-cv-05414-RA    Document 1-3    Filed 06/27/22    Page 18 of 41

77. Plaintiff has been and continues to suffer damage as a result of the Defendants unlawful conduct including but not limited to damages both actual and compensatory, attorney fees and costs of this action.

78. Plaintiff will continue to be damaged absent the relief sought in this Verified Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION UNDER 42 U.S.C. § 2000 AS TO ALL DEFENDANTS

79. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully restated herein.

80. Defendants, individually and collectively, have engaged in unlawful and discriminatory conduct based upon Plaintiff's gender and disability as complained of herein in violation of the New York City Administrative Code and Charter, §8-101, et seq.

81. Plaintiff has been and continues to suffer damage as a result of the Defendants unlawful conduct including but not limited to damages both actual and compensatory, attorney fees and costs of this action.

82. Plaintiff will continue to be damaged absent the relief sought in this Verified Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED UPON UNLAWFUL RETALIATION UNDER THE STATE AND CITY HUMAN RIGHTS LAWS AS TO ALL DEFENDANTS AS WELL AS 42 U.S.C. § 2000

83. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully restated herein.

84. Defendants, individually and collectively have engaged in unlawful retaliation prohibiting under the state and city statutes referenced in the Verified Complaint.

85. The court is referred to the allegations in the Verified Complaint and more specifically in annexed Exhibits

86. Plaintiff has been and continues to suffer damages as a result of the Defendants unlawful conduct including, but not limited to, damages both actual and compensatory, attorney fees and costs of this action.

87. Plaintiff will continue to be damaged absent the relief sought in this Verified Complaint.

**AS AND FOR A FIFTH CAUSE OF ACTION BASED UPON THE
FAILURE OF ALL DEFENDANTS TO EVALUATE OR INVESTIGATE THE
NUMEROUS COMPLAINTS RAISED BY THE PLAINTIFF**

88. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully restated herein.

89. Defendants, individually and collectively have engaged in unlawful conduct by and through their failure to engage in an interactive process after Plaintiff made multiple complaints.

90. The Seventh Cause of Action pertains to the allegations in the Verified Complaint and Exhibit

91. By and through their failure to engage in an interactive process with the Plaintiff, the Defendants have engaged in unlawful conduct under state and city statutes referenced herein.

92.   Plaintiff has and continues to suffer damages as a result of the Defendants unlawful conduct including, but not limited to, damages both actual and compensatory, attorney fees and costs of this action.

93.   Plaintiff will continue to be damaged absent the relief sought in this Verified Complaint.

**AS AND FOR A SIXTH CAUSE OF ACTION BASED UPON THE FAILURE OF ALL DEFENDANTS TO PROTECT THE PLAINTIFF FROM THREATS MADE BY COWORKERS**

94.   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully restated herein.

95.   Defendants, individually and collectively have engaged in unlawful conduct by and through their failure to engage in an interactive process after Plaintiff made multiple complaints.

96.   The Seventh Cause of Action pertains to the allegations in the Verified Complaint and Exhibit

97.   By and through their failure to engage in an interactive process with the Plaintiff, the Defendants have engaged in unlawful conduct under state and city statutes referenced herein.

98.   Plaintiff has and continues to suffer damages as a result of the Defendants unlawful conduct including, but not limited to, damages both actual and compensatory, attorney fees and costs of this action.

99.   Plaintiff will continue to be damaged absent the relief sought in this Verified Complaint.

Case 1:22-cv-05414-RA Document 1-3 Filed 06/27/22 Page 21 of 41

## AS AND FOR A SEVENTH CAUSE OF ACTION BASED UPON BREACH OF CONTRACT AGAINST THE AGENCY DEFENDANTS

100.   Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully restated herein.

101.   The Defendants maintain an employee progressive disciplinary policy.

102.   The employee progressive discipline policy and procedure is a valid and enforceable contract between the Plaintiff as employee and, the Defendants as her employer.

103.   Defendants breached their obligations to Plaintiff under the employee progressive discipline policy.

104.   The Defendants have damaged plaintiff as a result of the breach.

105.   Plaintiff prays for an order of this court awarding damages both actual and compensatory based upon the willful breach of the employee progressive discipline policy by the Defendants.

## AS AND FOR An EIGHTH CAUSE OF ACTION BASED UPON BREACH OF CONTRACT RELATING TO THE EEO POLICY

106.   Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully restated herein.

107.   The Defendants maintain an employee policy for reporting and investigation of employee discrimination complaints known as the "EEO Policy".

108.   The EEO Policy is a valid and enforceable contract between the Plaintiff as employee and, the Defendants as her employer.

109.   Defendants breached their obligations to Plaintiff under the EEO Policy.

110.   The Defendants have damaged plaintiff as a result of the breach.

111.    Plaintiff prays for an order of this court awarding damages both actual and

compensatory based upon the willful breach of the EEO Policy.

**WHEREFORE,** Plaintiff, **CATHERINE GONZALEZ** demands judgment against

Defendants, **THE NEW YORK CITY TRANSIT AUTHORITY, THE METROPOLITAN**

**TRANSPORTATION AUTHORITY, THE MANHATTAN AND BRONX**

**SURFACE TRANSPORTATION OPERATING AUTHORITY,** herein, in a sum

exceeding the jurisdictional limits of all lower courts which would otherwise have

jurisdiction herein, together with the interests, costs and disbursements of this action,

and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
        June 9, 2022

**John T. Hague/s/**
JOHN T. HAGUE, ESQ.
HOFFMAN ROTH & MATLIN, LLP
Attorney for the Plaintiff
**CATHERINE GONZALEZ**
505 8th Avenue, Suite 1101
New York, NY 10018
Our File No: 459-HO1
jhague@hrmnylaw.com

TO:
BYRON Z. ZINONOS, ESQ.
DAVID I. FARBER
Vice President & General Counsel
Attorneys for Defendants
**THE NEW YORK CITY TRANSIT**
**AUTHORITY, THE METROPOLITAN**
**TRANSPORTATION AUTHORITY,**
**THE MANHATTAN AND BRONX**
**SURFACE TRANSPORTATION**
**OPERATING AUTHORITY**
130 Livingston Street - Rm. 1242s
Brooklyn, New York 11201
(718) 694-3823
Byron.Zinonos@NYCT.com

---------------------------

In the Matter of the Claim of

                                                          NOTICE OF CLAIM

Catherine Gonzalez,

---------------------------

To:

- NEW YORK CITY TRANSIT AUTHORITY- 130 Livingston Street, 11th Floor, Brooklyn, NY 11201
- METROPLITAN TRANSPORTATION AUTHORITY, 2 Broadway, New York, NY 10004
- MABSTOA 130 LIVINGSTON STREET 130 Livingston Street, 11th Floor, Brooklyn, NY 11201

PLEASE TAKE NOTICE that the undersigned claimant hereby makes claim and demands against you as follows:

1. Claimant's name and address:
   Catherine Gonzalez
   4111 sycamore lane
   East Stroudsburg, PA 18301

   Claimant's attorneys name and address:
   Hoffman Roth & Matlin, LLP
   505 8th Avenue, Suite 1704
   New York, NY 10018

2. The nature of the claim is to recover monetary damages as well as equitable relief for extended harassment by Mervin G Reovan, the claimant's supervisor at the NEW YORK CITY TRANSIT AUTHORITY, MABSTOA and/or METROPLITAN TRANSPORTATION AUTHORITY, based on the race, sex, and sexual orientation of Catherine Gonzalez, as well as for unlawful retaliation after complaints were made.

3. Mr. Reovan was Ms. Gonzalez' coworker at the West Farm Depot in the Bronx. He then became her supervisor outside and when Ms. Gonzalez transferred to the Manhattan Depot, Mr. Reovan also transferred to same where he continued to be Ms. Gonzalez's

supervisor. Mr. Reovan abused his power as supervisor making false accusations and
generating unwarranted write ups of Ms. Gonzalez.

4. Ms. Gonzalez has, since being promoted to dispatcher in 2018, had to file numerous
complaints regarding Mr. Reovan and his treatment of her. She has faced retaliation after
retaliation as a result. Aside from the retaliation, none of the complaints filed by Ms. Gonzalez
had any effect.

5. It is alleged that NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN
TRANSPORTATION AUTHORITY, and/or MABSTOA affirmatively created the conditions in
which Mr. Reovan was able to operate without the proper restraints on his actions both in
initially targeting Ms. Gonzalez based on her sex, sexual orientation, and/or race, and in his
subsequent retaliation when Ms. Gonzalez complained of same. That the actions of Mr. Reovan
and the NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION
AUTHORITY, and/or MABSTOA ran afoul of the New York State Human Rights Law. That
the actions of Mr. Reovan and the NEW YORK CITY TRANSIT AUTHORITY,
METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA ran afoul of the New
York City Human Rights Law. That the actions of Mr. Reovan and the NEW YORK CITY
TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or
MABSTOA retaliated against the complainant in further violation of the New York City Human
Rights Law and New York State Human Rights Law. That the NEW YORK CITY TRANSIT
AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA
failed to enforce their internal rules and protocols in not acting upon any of Ms. Gonzalez's
complaints, instead Ms. Gonzalez was retaliated against for making same.

6. Due to the foregoing hostile work environment, where Ms. Gonzalez was so
uncomfortable to even use the restroom that she felt compelled to not avail herself of the same
for fear of further ridicule, harassment, and retaliation resulting in Ms. Gonzalez developing
kidney stones. The hostile work environment and retaliation resulted in Ms. Gonzalez being

suspended without pay for 15 days, an extraordinary discipline which should not have been issued. It caused her to work unpaid overtime. It caused her to live in a constant stressed mental state in which she constantly feared she would lose her job because of Mr. Reovan, and the other more senior management within NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA who protected him.

7.   The undersigned claimant therefore presents this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim. Claimant additionally seeks to have her record clears of all frivolous claims, administrative actions, and any other derogatory comments made by or on behalf of Mr. Reovan.

8.   Damages are claimed on behalf of claimant Catherine Gonzalez for personal injuries in the sum of $2,000,000.00.


Dated: March 24, 2021
Hoffman Roth & Matlin, LLP
Attorneys for the Claimant
505 8th Avenue, Suite 1704
New York, NY 10018

- - - - - - - - - - - - - - - - - - - - - -

In the Matter of the Claim of

- - - - - - - - - - - - - - - - - - - .

Catherine Gonzalez,

VERIFICATION

State of New York     )
                      )
County of New York    )

Catherine Gonzalez, being duly sworn deposes and states as follows:

     I am the above-named claimant and I have read the foregoing Notice of Claim and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

Catherine Gonzalez

Sworn to before me this
24 day of March, 2021

Notary Public

**JOHN T. HAGUE**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02HA6278243**
**Qualified in Kings County**
**My Commission Expires March 25, 2021**

```
--------------------------------------------------------
```
In the Matter of the Claim of                                    SUPPLEMENTAL
                                                                 NOTICE OF CLAIM
Catherine Gonzalez,

-against-

NEW YORK CITY TRANSIT AUTHORITY,
METROPLITAN TRANSPORTATION AUTHORITY,
And MABSTOA
```
--------------------------------------------------------
```

To:

- NEW YORK CITY TRANSIT AUTHORITY- 130 Livingston Street, 11th Floor, Brooklyn, NY 11201
- METROPLITAN TRANSPORTATION AUTHORITY, 2 Broadway, New York, NY 10004
- MABSTOA 130 LIVINGSTON STREET 130 Livingston Street, 11th Floor, Brooklyn, NY 11201

PLEASE TAKE NOTICE that the undersigned claimant hereby makes claim and demands against you as follows:

1. Claimant's name and address:
   Catherine Gonzalez
   4111 sycamore lane
   East Stroudsburg, PA 18301

   Claimant's attorneys name and address:
   Hoffman Roth & Matlin, LLP
   505 8th Avenue, Suite 1101
   New York, NY 10018

**2. The nature of the claim:**

To recover monetary damages as well as equitable relief for extended harassment and retaliation by Mervin G Reovan, the claimant's former supervisor at the NEW YORK CITY TRANSIT AUTHORITY, MABSTOA and/or METROPLITAN TRANSPORTATION AUTHORITY, based on the race, sex, and sexual orientation of Catherine Gonzalez, as well as for unlawful retaliation after complaints were made. This harassment and retaliation have continued.

**3.    The time when, the place where and the manner in which the claim arose:**

Upon information and belief, AGS Reovan was Ms. Gonzalez' coworker at the West Farm Depot in the Bronx. He then became her supervisor outside and when Ms. Gonzalez transferred to the Manhattan Depot, Mr. Reovan also transferred to same where he continued to be Ms. Gonzalez's supervisor. Mr. Reovan abused his power as supervisor making false accusations and generating unwarranted write ups of Ms. Gonzalez. His harassment was initially based on the Ms. Gonzalez's sex. At West Farms, the key to the women's restroom was by Reovan's desk. Reovan would make disparaging comments when the Ms. Gonzalez , a dispatcher, needed to go to Reovan's desk to get the key. In other depots dispatchers are provided keys.

Upon information and belief, Ms. Gonzalez has, since being promoted to dispatcher in 2018, had to file numerous complaints regarding Mr. Reovan and his treatment of her as well as others in the MTA and MABSTAO. She has faced retaliation after retaliation as a result. Aside from the retaliation, none of the complaints filed by Ms. Gonzalez had any effect.

Upon information and belief, there has been a myriad of ways in which the Ms. Gonzalez has been retaliated against. She has been punished with outsized punishments, receiving 15 days at a hearing immediately after she worked a double shift when protocol states that hearings are to be held on a day off. At the hearing she was not permitted to present evidence or even argue. Amazingly she was not even informed of what the claimed violations were. Then Superintendent, Knight, understanding that the punishment was not fair, did not enforce it. Once the Mr. Knight was transferred away, Reovan made sure that the punishment was instituted, his friend, then GM Rogers, pushed through the suspension.

Upon information and belief, on one occasion, while not working, AGS Reovan, had Ms. Gonzalez taken out of service because she took a friend of his out of service. The friend was acting rude to Ms. Gonzalez and others, showing a lack of respect. Ms. Gonzalez followed protocol. On hearing that his friend was taken out of service, he had Ms. Gonzalez taken out of

service. This results in a mandatory drug test and inability to work until the drug test came back negative. When, after taking Ms. Gonzalez out of service, she did not show up for work, he tried to cite her for not showing up for work.

Upon information and belief, more recently, in 2022, Ms. Gonzalez transferred to another portion of the depot. Working outside. Superintendent Hosein at that department immediately singled the Ms. Gonzalez out. On her first day, Ms. Gonzalez filled out an incident report at Supt. Miller's direction. Superintendent Hosein asked to see it. He then made fun of Ms. Gonzalez. This was in front of her coworkers who all appeared uncomfortable. While Mr. Hosein was not explicit in the basis for his harassment, he did tell Ms. Gonzalez that he was "worse than Reovan" and she better not try anything because "he had the EEOC on speed dial". Obviously he was aware of the history between Ms. Gonzalez and Reovan other wise he would not have brought same up. Ms. Gonzalez was simultaneously belittled by Mr. Hosein and forced to revisit the prior traumas inflicted by AGS Reovan. Ms. Gonzalez complained of this interaction, mentioning that Mr. Hosein claimed to have the EEOC on speed dial while raising Reovan, and the MTA/MABSTOA responded: "You do not allege that the conduct at issue is based on ethnicity or sexual orientation". Immediately after making this complaint, Ms. Gonzalez was cited for poor work performance and Mr. Hosein, through Supt. Miller is seeking her dismissal. This poor work performance notification was received after making the complaint, though same appears to have been backdated. Because of this retaliation, Ms. Gonzalez now faces dismissal.

It is alleged that NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA affirmatively created the conditions in which Mr. Reovan was able to operate without the proper restraints on his actions both in initially targeting Ms. Gonzalez based on her sex, sexual orientation, and/or race, and in his subsequent retaliation when Ms. Gonzalez complained of same. That the actions of Mr. Reovan and the NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION

AUTHORITY, and/or MABSTOA ran afoul of the New York State Human Rights Law. That the actions of Mr. Reovan and the NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA ran afoul of the New York City Human Rights Law. That the actions of Mr. Reovan and the NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA retaliated against the complainant in further violation of the New York City Human Rights Law and New York State Human Rights Law. That the NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA failed to enforce their internal rules and protocols in not acting upon any of Ms. Gonzalez's complaints, instead Ms. Gonzalez was retaliated against for making same.

That GS Lynch, GS Rameran, GS Caminero, Acting GS Reovan, Devon Rogers (Formerly a GM, now, on information and belief, in the Vice President's office), and Superintendent Hosein, on information and belief, all came up in the authority together and protect one another.

Due to the foregoing hostile work environment, where Ms. Gonzalez was so uncomfortable to even use the restroom that she felt compelled to not avail herself of the same for fear of further ridicule, harassment, and retaliation resulting in Ms. Gonzalez developing kidney stones. The hostile work environment and retaliation resulted in Ms. Gonzalez being suspended without pay for 15 days, an extraordinary discipline which should not have been issued. It caused her to work unpaid overtime. It caused Ms. Gonzalez to live in a constant stressed mental state in which she feared she would lose her job because of Mr. Reovan, and the other more senior management within NEW YORK CITY TRANSIT AUTHORITY, METROPLITAN TRANSPORTATION AUTHORITY, and/or MABSTOA, including, but not limited to GS Lynch, GS Rameran, GS Caminero, Acting GS Reovan, Devon Rogers (in high management), and Superintendent Hosein, who upon information and belief, together protected him and served as surrogates inflicting their own retaliation and harassment on Ms. Gonzalez. These occurrences have caused Ms. Gonzalez a great deal of physical and emotional pain.

These actions have not ceased since the original NOITICE OF CLAIM was filed. This claim is continuing, and further retaliations and harassment is expected.

The undersigned claimant therefore presents this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim. Claimant additionally seeks to have her record clears of all frivolous claims, administrative actions, and any other derogatory comments made by or on behalf of Mr. Reovan.

Damages are claimed on behalf of claimant Catherine Gonzalez for personal injuries in the sum of $5,000,000.00.

Dated: New York, New York
March 28, 2022

John T. Hague, Esq.
Hoffman Roth & Matlin, LLP
Attorneys for the Claimant
505 8th Avenue, Suite 1704
New York, NY 10018

---------------------------------------------------------------
In the Matter of the Claim of
Catherine Gonzalez,                              VERIFICATION

-against-

NEW YORK CITY TRANSIT AUTHORITY,
METROPLITAN TRANSPORTATION AUTHORITY,
And MABSTOA
---------------------------------------------------------------
---------------------------------------------------------------

State of New York     )
County of New York )

Catherine Gonzalez, being duly sworn deposes and states as follows:

    I am the above-named claimant and I have read the foregoing Notice of Claim and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe to be true.


_____
Catherine Gonzalez


Sworn to before my this
28th day of March, 2022


_____
NOTARY PUBLIC

JOHN T. HAGUE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6278243
Qualified in Kings County
My Commission Expires March 25, 2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

CATHERINE GONZALEZ,

                                                Plaintiff,

                        -against-

THE NEW YORK CITY TRANSIT AUTHORITY,
THE METROLITAN TRANSPOTATION
AUTHORITY, THE MANHATTAN AND BRONX
SURFACE TRANSPORTATION OPERATING
AUTHORITY, and MERVIN G. REOVAN, in his
individual capacity and in his official capacity as an
agent of New York City Transit Authority and The
Manhattan And Bronx Surface Transportation
Operating Authority,

                                                Defendants.

-------------------------------------------------------------X

**Index No:**

**SUMMONS WITH NOTICE**

                TO THE ABOVE-NAMED DEFENDANTS:


                **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to
appear in this action by serving a notice of appearance on the plaintiff(s) at the
address set forth below, and to do so within 20 days after the service of this
Summons (not counting the day of service itself), or within 30 days after service
is complete if the summons is not delivered personally to you within the State of
New York.


                **YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or
appear, a judgment will be entered against you by default for the relief
demanded below.


Dated: New York, New York
        March 25, 2022


                                **John T. Hague/s/**

                                JOHN T. HAGUE, ESQ.

                                HOFFMAN ROTH & MATLIN, LLP

                                Attorney for the Plaintiff

                                505 8th Avenue, Suite 1101

                                New York, NY 10018

TO DEFENDANT(S)

NEW YORK CITY TRANSIT AUTHORITY

130 Livingston Street, 11th Floor

Brooklyn, NY 11201

METROPLITAN TRANSPORTATION AUTHORITY

2 Broadway

New York, NY 10004

MABSTOA

130 Livingston Street, 11th Floor,

Brooklyn, NY 11201

## NOTICE:

The nature of this action is set forth more fully in the notice of claim previously served in this matter, a copy of which is attached hereto and incorporated herein.

Upon information and belief, the alleged sexual harassment and/or harassment based on the Plaintiff's Hispanic heritage was initiated by AGS Reovan and after the Plaintiff complained of same Mr. Reovan started a campaign of retaliation. This campaign has been carried on by others within the MTA/MABSTOA, continuing to the present.

These actions are in violation of THE NEW YORK STATE HUMAN RIGHTS LAW and THE NEW YORK CITY HUMAN RIGHTS LAW both for the initial harassment as well as for the subsequent retaliation. The Defendants also violated the terms of the collective bargaining agreement and EEO policy.

## RELIEF SOUGHT

The relief sought is a monetary amount exceeding the jurisdiction of all lower courts as well as an expungement of all retaliatory claims from the Plaintiff's work file.

Should defendant(s) fail to appear herein, judgment will be entered by default for the amount of $5,000,000.00, with interest and the costs of this action.

## VENUE:

Plaintiff(s) designate New York County as the place of trial. The basis of this designation is the location is the majority of the harassment and retaliation occurred in New York County.

Case 1:22-cv-05414-RA   Document 1-3   Filed 06/27/22   Page 36 of 41

Dated: New York, New York
March 25, 2022

## John T. Hague/is/

John T. Hague, Esq.

HOFFMAN ROTH & MATLIN, LLP

Attorney for the Plaintiff

505 8th Avenue, Suite 1101

New York, NY 10018

(212) 964-1890

FILED: NEW YORK COUNTY CLERK 06/08/2022 02:09 PM
NYSCEF DOC. NO. 9    Case 1:22-cv-05414-RA   Document 1-3   Filed 06/27/22   Page 37 of 41

INDEX NO. 152593/2022
RECEIVED NYSCEF: 06/08/2022

**ATTORNEY'S AFFIRMATION**

STATE OF NEW YORK)
COUNTY OF NEW YORK)

JOHN T. HAGUE, ESQ. an attorney, admitted to practice in the Courts of the State of New York. The undersigned affirms that the following statements are true under the penalties of perjury.

That deponent is associated with the attorney for the plaintiff in the within action; that deponent has read the foregoing Summons with Notice and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. Deponent further says that the reason this verification is made by deponent and not by plaintiff is that plaintiff resides outside of the County where your deponent holds his office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are through a review of the file maintained by our office in this matter.

DATE: NEW YORK, NEW YORK
       March 25. 2022

**John T. Hague** /s/
JOHN T. HAGUE, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

CATHERINE GONZALEZ,

Plaintiff,

-against-

THE NEW YORK CITY TRANSIT AUTHORITY,
THE METROPOLITAN TRANSPORTATION
AUTHORITY, THE MANHATTAN AND BRONX
SURFACE TRANSPORTATION OPERATING
AUTHORITY, and MERVIN G. REOVAN, in his
individual capacity and in his official capacity as an
agent of New York City Transit Authority and The
Manhattan And Bronx Surface Transportation
Operating Authority,

Defendants.

-----------------------------------------------------------------X

**Index No:**

**152593/2022**

**Received 3/28/2022**

**STIPULATION
EXTENDING TIME TO
SERVE A COMPLAINT**

COUNSELORS:

**IT IS HEREBY STIPULATED AND AGREED**, by counsel for the Plaintiff

and the undersigned Defendants that the time for Plaintiff to serve a Complaint

is extended to June 8, 2022, to permit the Defendants to take a statutory hearing

for the claims raised in the Supplemental Notice of Claim dated March 28, 2022

and received by the New York City Transit Authority on March 31, 2022.

A facsimile copy of this stipulation shall have the same force and effect as

an original and this stipulation may be signed in counterparts. This stipulation

may be filed without further notice with the Clerk of the Court.

Dated: New York, New York
        April 29, 2022

**John T. Hague/s/**

JOHN T. HAGUE, ESQ.

HOFFMAN ROTH & MATLIN, LLP

Attorney for the Plaintiff

505 8th Avenue, Suite 1101

New York, NY 10018

Our File No: 459-HO1

jhague@hrmnylaw.com

_____

BYRON Z. ZINONOS, ESQ.

Attorneys for Defendants

THE NEW YORK CITY TRANSIT
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY,
THE MANHATTAN AND BRONX
SURFACE TRANSPORTATION
OPERATING AUTHORITY

Byron.Zinonos@NYCT.com

Case 1:22-cv-05414-RA   Document 1-3   Filed 06/27/22   Page 40 of 41

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )

ss:

COUNTY OF NEW YORK)

INESSA SEGAL, being duly sworn, deposes and says:

That I am not a party to this action, am over eighteen years of age and reside in Brooklyn, New York.

That on the JUNE 9, 2022 I served the within:

**COMPLAINT
VIA ELECTRONIC COURT FILING**

on those attorneys herein below listed via ECF and at those addresses designated by said attorneys for that purpose by depositing same enclosed in a post paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York  Mail :

TO:
BYRON Z. ZINONOS, ESQ.
Attorneys for Defendants
THE NEW YORK CITY TRANSIT
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY,
THE MANHATTAN AND BRONX
SURFACE TRANSPORTATION
OPERATING AUTHORITY
Byron.Zinonos@NYCT.com

<u>Inessa Segal</u>
INESSA SEGAL

Sworn to me before
JUNE 9, 2022

NOTARY PUBLIC

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**                                  Index No. **152593/2022**

| | |
|---|---|
| **CATHERINE GONZALEZ,** | **Plaintiff,** |

-against-

**THE NEW YORK CITY TRANSIT AUTHORITY, THE METROLITAN TRANSPOTATION AUTHORITY, THE MANHATTAN AND BRONX SURFACE TRANSPORTATION OPERATING AUTHORITY, and MERVIN G. REOVAN, in his individual capacity and in his official capacity as an agent of New York City Transit Authority and The Manhattan And Bronx Surface Transportation Operating Authority,**

**Defendant(s)**

---

## COMPLAINT

---

### HOFFMAN ROTH & MATLIN, LLP
**Attorney(s) for PLAINTIFF**
### CATHERINE GONZALEZ
**Office and Post Office Address, Telephone**
**505 Eighth Avenue, Suite 1101**
**NEW YORK, N.Y. 10018**
**(212) 964-1890**
**Our File No. 459-HO1**

---

To                                  **Signature (Rule 130-1.1-a)**

_____

**Print name beneath**

**Service of a copy of the within is hereby admitted.**
**Dated:**_____

**Attorney(s) for**

---

**PLEASE TAKE NOTICE:**

**[ ] NOTICE OF ENTRY**

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

**[ ] NOTICE OF SETTLEMENT**
that an order                                    of which the within is a true copy
will be presented for settlement to the HON.                one of the judges of the
within named Court, at
on                          at            M.

**Dated,**

**Yours, etc.**

**HOFFMAN ROTH & MATLIN, LLP**